UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

October 21, 2025

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE: *Patrick v. Bisignano, Acting Commissioner, Social Security Administration*
   Civil No. 1:21-cv-00287-JMC

Dear Counsel:

Lawrence Demuth has filed a motion for attorney's fees pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b), resulting from his representation of Plaintiff before the Court. (ECF Nos. 26, 27). Defendant does not oppose or support Mr. Demuth's motion, but asks this Court to consider whether the request is reasonable. (ECF No. 28). The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Mr. Demuth's motion for attorney's fees is GRANTED.

On March 21, 2022, this Court awarded Mr. Demuth $3,427.72 for 15.75 hours worked on Plaintiff's case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 22, 25). Plaintiff subsequently received an award notice, in which she was awarded $79,130.00 in past due benefits. (ECF No. 27-4 at 4).[1] On September 18, 2025, Mr. Demuth filed a Line seeking 25% of Plaintiff's past due benefits pending a more detailed Notice of Award from the Office of Central Operations. (ECF No. 26). Thereafter, Mr. Demuth filed a Motion for Attorney's Fees seeking $19,782.50, which is 25% of Plaintiff's past due benefits. (ECF No. 27). Mr. Demuth has agreed to reimburse Plaintiff for the $3,427.72 in EAJA fees already received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*. (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Demuth and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Demuth twenty-five percent of all retroactive benefits to which she might become entitled. (ECF No. 22-7 at 1). In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted itemized reports documenting 15.75 chargeable hours he expended before this Court in Plaintiff's case. (ECF No. 22-8). If Mr. Demuth receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,256.03 per hour. Mr. Demuth must therefore show that an effective rate of $1,256.03 per hour is reasonable for the services he rendered.

Notably, Mr. Demuth's typical hourly billing rate is $350, which is short of the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Mr. Demuth successfully obtained Plaintiff a favorable Social Security appeal outcome, which entitled her to benefits. (ECF No. 27-3). Courts in the Fourth Circuit have routinely approved contingency fee agreements that produce similar or even higher effective hourly rates in successful Social Security appeals. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with effective hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with effective hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with effective hourly rate of $1,028.14. Further, Mr. Demuth specifically has been awarded similar rates. *See, e.g.*, *Spath v. Saul*, Civil No. DLB-19-1759, 2021 WL 3038829, at *2 (D. Md. July 19, 2021) (approving a contingency fee agreement with an effective hourly rate of $1,244.91).

Accordingly, the Court GRANTS Mr. Demuth's motion seeking attorney's fees (ECF Nos. 26, 27). This Court will award Mr. Demuth attorney's fees totaling $19,782.50 constituting twenty-five percent of Plaintiff's total past-due benefits. Mr. Demuth is directed to reimburse Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an Opinion and Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2025). Currently, Mr. Demuth has over twenty years of experience and the presumptively reasonable hourly rate for attorneys admitted to the bar for more than twenty (20) years is between $300 and $475. Loc. R. App. B (D. Md. 2025).

                                                         /s/

                                           J. Mark Coulson
                                           United States Magistrate Judge